

## NUMBERS 13-11-00128-CR
## 13-11-00129-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### EX PARTE RANDALL BOLIVAR

**On appeal from the 107th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Rodriguez**

Appellant Randall Bolivar challenges the trial court's denial of his pretrial application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2005). Appellate cause number 13-11-00128-CR involves Bolivar's arrest and indictment for two counts of assault on a public servant; appellate cause number

13-11-00129-CR involves Bolivar's arrest and indictment for murder.[1]  *See* TEX. PENAL CODE ANN. §§ 19.02(b), 22.01(b)(1) (West 2011).  Bolivar filed pretrial applications for writs of habeas corpus as to all counts, alleging that:  he was denied counsel at the time of his arrest; his conditions of incarceration pending trial have amounted to cruel and unusual punishment; his bail is unconstitutionally excessive; and he has been denied a speedy trial.  *See* U.S. CONST. amends. V, VI, VIII, XIV.  The trial court denied Bolivar's applications.

Concluding that Bolivar's appeal in this case is without merit and frivolous, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeals.  We affirm.

## I.  COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Bolivar's court-appointed appellate counsel has filed a brief with this Court, stating that he has searched the record and researched the applicable law.  In his brief, counsel has identified six arguable grounds of appeal from the trial court's denial of Bolivar's pretrial habeas applications.  Counsel has clearly concluded that four of the grounds—the jurisdiction of this Court over the appeal, possible spoliation of evidence, denial of counsel at the time of arrest, and whether Bolivar's right to speedy trial was violated—present no reversible error and would be frivolous.  Counsel then appears to conclude that two of the grounds—whether Bolivar's bond is excessive, and whether Bolivar's pretrial confinement has amounted to cruel and unusual punishment—are

---

[1] These cases have been consolidated for the purposes of this opinion on appeal.

arguable grounds for reversal; but because counsel ultimately urges that the appeals are frivolous and moves to withdraw as counsel for Bolivar, we construe his discussion of the final two grounds as a conclusion that they are merely arguable. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), we conclude that Bolivar's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's denial of Bolivar's pretrial applications for writ of habeas corpus. Counsel has informed this Court that he has: (1) examined the records and found no arguable grounds to advance in either appeal, (2) served a copy of the brief and counsel's motion to withdraw on Bolivar, and (3) informed Bolivar of his right to review the records and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Bolivar filed his pro se response on March 1, 2012, addressing each of the arguable grounds raised by counsel in his *Anders* brief. *See In re Schulman*, 252 S.W.3d at 409.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the records, counsel's brief, and Bolivar's pro se brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the orders of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Bolivar's attorney has asked this Court for permission to withdraw as counsel for Bolivar. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Bolivar and to advise Bolivar of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re*

---

[3] No substitute counsel will be appointed. Should Bolivar wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary

4

*Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of June, 2012.

---

review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.   *See* TEX. R. APP. P. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See* TEX. R. APP. P. 68.4.